[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14934
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00125-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIANO PINEDA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Octaviano Pineda-Sanchez appeals his 210-month total sentence for drug

offenses, 21 U.S.C. §§ 841, 846. No reversible error has been shown; we affirm.

On appeal, Pineda-Sanchez argues that his sentence substantively is

unreasonable. He contends that a sentence below the guidelines range was

appropriate because his enhancement for being a leader in the conspiracy

overstated his role in the offense and deprived him of eligibility for safety valve

relief and because his co-conspirators received lower sentences for the same

conduct.[1] We evaluate the substantive reasonableness of a sentence under an abuse-

of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the sentence bears the burden of establishing that the

sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a)

factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly

stated, under section 3553(a), a district court should consider the nature and

circumstances of the offense, the history and characteristics of the defendant, the

need for the sentence to provide adequate deterrence, respect for the law, and

_____

[1]Pineda-Sanchez challenges only the substantive -- and not the procedural --
reasonableness of his sentence. Although he argues that he was not a typical leader of the
conspiracy, he does not argue that the leadership enhancement incorrectly was assessed in
calculating the guidelines.

2

protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Pineda-Sanchez's 210-month sentence -- which fell at the bottom of the applicable guidelines range -- was reasonable.  See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  The sentence was well below the statutory maximum of life.  See 21 U.S.C. § 841(b)(1)(A)(viii); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).  The district court imposed the sentence based on the seriousness of Pineda-Sanchez's offense and the need for deterrence.  As the district court explained, Pineda-Sanchez, at a young age, was the willing and able leader of a drug organization dealing in large quantities of high quality methamphetamine.  He recruited his co-conspirators into the organization; and he negotiated the price and quantity of the drugs on multiple occasions.  The quantities grew increasingly larger.  On these facts, we cannot say that the district court abused its discretion in concluding that a sentence at the low end of the guidelines range adequately punished Pineda-Sanchez for his conduct and accounted for his role in the offense.

About sentencing disparities, concerns about disparate sentences among co-conspirators are not implicated where, as here, Pineda-Sanchez and his co-conspirators were not similarly situated.[2]  Because the co-conspirators cooperated with the government and pleaded guilty pursuant to plea agreements, they were not similarly situated to Pineda-Sanchez; and the disparity in their sentences was not "unwarranted." See United States v. Williams, 526 F.3d 1312, 1323 (11th Cir. 2008).  And here, Pineda-Sanchez alone was determined to be an organizer or leader of the conspiracy so "it was well within the bounds of reasonableness" under section 3553(a) for the district court to impose a lengthier sentence on him than on the other offenders.  See United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006).

That Pineda-Sanchez felt other section 3553(a) factors weighed in favor of a lower sentence does not make the district court's choice of sentence unreasonable. "The weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and citation omitted).  We cannot say that the within-range sentence failed to reflect the purposes of sentencing or that the district

_____

[2]One co-conspirator received a sentence of 108 months while the other co-conspirator (who acted chiefly as a driver) received a 70-month sentence.

court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008).

AFFIRMED.